**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KUKOYI OLUWAFEMI ADEBOLA,** ) | |
| **A# 28 327 914,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | 3:05-CV-0443-L |
| ) | |
| **JILL WATSON, Warden, et al.,** ) | |
|     **Defendants.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a mandamus and declaratory judgment action brought by an alien detainee.

Parties: At the time of filing this action Plaintiff was incarcerated at the Rollins Plains Detention Center in Haskell, Texas. His whereabouts are presently unknown. According to Defendants, he was removed to Nigeria on April 14, 2005, shortly after the filing of this action. (Gov't Exh. 4).[1]

The petition names as Defendants Jill Watson, Warden; the Bureau of Immigration and Customs Enforcement (ICE); John Ashcroft, former U.S. Attorney General; Angela K. Barrow, ICE Director; Nuria T. Prendes, Interim Field Operation Director ICE; J T Lawson, Acting

---

[1] Plaintiff's proper name is "Oluwafemi Adebola Kukoyi." (Mot. to Dism. at 1 note 1). It appears he used his middle name as his surname in filing this action. (Id.).

District Director; and Tom Ridge, former Secretary of Homeland Security. (Petition (Pet.) at 4). The court has issued process in this case.

Statement of Case: Plaintiff complains that Defendants refused to issue a decision on his application for naturalization, although several years have passed since his naturalization examination on December 1, 1998. (Pet. at 1-2 and 5).

In response to this court's order requiring a response, Defendants filed a motion to dismiss on August 9, 2005. Plaintiff has not responded.

Findings and Conclusions: Plaintiff invokes this Court's jurisdiction under "28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with 28 U.S.C. § 1361 (mandamus jurisdiction), and 28 U.S.C. § 2201 (jurisdiction to render declaratory judgments). (Pet. at 2). He also relies on 8 U.S.C. § 1447(b) as a basis for jurisdiction in this case. (Id.).

Contrary to Plaintiff's allegations, the former Immigration and Naturalization Service (INS) denied his application for naturalization on December 8, 1998, only seven days after his naturalization examination. (Gov't Exh. 6). The INS concluded that Plaintiff lacked the requisite good moral character in light of his conviction for aggravated assault on December 14, 1987. (Id.).

In light of the above, Plaintiff's request for mandamus and declaratory relief is patently frivolous and should be denied. See Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt.").

Insofar as Plaintiff requests judicial review of the denial of his application for naturalization, his claim fares no better. The immigration statutes create two specific

2

circumstances in which a district court may intervene in the naturalization process.  First, if the former INS or the current Bureau of Citizenship and Immigration Services (CIS) fails to render a decision upon an application within 120 days of the applicant's naturalization examination, the applicant may apply to the district court for the district where he resides to conduct a *de novo* hearing on the application, and the court may then either determine the matter for itself or remand to the CIS with instructions.  8 U.S.C. § 1447(b) (West 2005); 8 C.F.R. § 310.5.  Second, if CIS denies a naturalization application – and that denial has been confirmed after an administrative appeal, consisting of a hearing before a senior naturalization officer – the rejected applicant may seek *de novo* judicial review of the denial in the United States district court for the district in which he resides.  8 U.S.C. § 1421(c) (West 2005).

The first opportunity for judicial review does not exist in this case.  The INS denied Plaintiff's application within a week of his naturalization examination.  (Gov't exh. 6).  Therefore, no delay occurred.  Moreover, since a determination was issued, jurisdiction cannot be based under § 1447(b).  See Langer v. McElroy, 2002 WL 31789757, *3 (S.D.N.Y. Dec. 13, 2002).

The second opportunity for judicial review is equally unavailable in this case.  Under § 1421, administrative review of naturalization denials is a prerequisite for judicial review.  See 8 U.S.C. § 1421(c) (West 2005) (requiring "a hearing before an immigration officer" as a condition precedent to seeking judicial review in a district court); Aparicio v. Blakeway, 302 F.3d 437, 440 (5th Cir. 2002) (noting that "[a]pplicants may only appeal to the district court ... if they either sought administrative review and the application was again denied, or if they sought administrative review and the review was delayed for more than 120 days.").

In this case, after the INS denied the application for naturalization, Plaintiff did not submit a request for administrative review of the denial of his naturalization application, pursuant to 8 U.S.C. § 1447(a). (Mot. to Dism. at 4). As a result, he has not satisfied the jurisdictional prerequisite of 8 U.S.C. § 1421(c) and this court lacks jurisdiction over his claim. See McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L.Ed.2d 291 (1992) (where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced); Levy v. Davis, 83 Fed. Appx. 602, 2003 WL 22903857 at *1 (5th Cir. 2003) (per curiam) (finding that the district court was without jurisdiction to review the denial of plaintiff's application for naturalization where he failed to comply with the applicable regulations for obtaining an immigration hearing).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be denied and dismissed.

A copy of this recommendation will be transmitted to Plaintiff and counsel for the Defendants.

Signed this 20th day of September, 2005.

                                                                                 *Wm. F. Sanderson, Jr.*
                                                                                 _____
                                                                                 WM. F. SANDERSON, JR.
                                                                                 UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

4

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.