

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 1 8 2005

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

KUKOYI OLUWAFEMI ADEBOLA,     §
                              §
          Petitioner,         §
                              §
v.                            §
                              §     NO. 3:05-CV-0443-L
JILL WATSON, Warden, et al.,  §
                              §
          Respondents.        §

## ORDER

Petitioner Kukoyi Oluwafemi Adebola ("Petitioner"), an alien detainee proceeding *pro se*, brought this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, complaining that Respondents had refused to issue a decision on his application for naturalization, and requesting that the district court adjudicate his naturalization application. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On September 20, 2005, the Findings and Recommendation of the United States magistrate judge were filed, to which no objections were filed.[1]

_____

[1]The court notes that Petitioner's whereabouts are currently unknown. References in the docket indicate that numerous attempts to deliver previous orders to Petitioner were also unsuccessful, including the attempted delivery of the magistrate judge's September 20, 2005 findings and conclusions, which were returned and marked, "return to sender; refused; unable to forward." As the magistrate judge noted, Respondents state that Petitioner was removed to Nigeria on April 14, 2005. *See* Findings and Conclusion at 1.

Order – Page 1

The magistrate judge recommended that Petitioner's request be denied since: (i) contrary to Petitioner's assertions, the former Immigration and Naturalization Service ("INS")[2] denied his application for naturalization on December 8, 1998, only seven days after Petitioner's naturalization examination, rendering his claims frivolous; and (ii) Petitioner failed to satisfy the prerequisites for judicial review of the denial of his application since the INS did, in fact, render a timely decision on Petitioner's application (*see generally* 8 U.S.C. § 1447(b)), and since Petitioner failed to exhaust his administrative remedies, a prerequisite to judicial review. *See id.* § 1421(c).  Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that they are correct.  Accordingly, the magistrate's findings and conclusions are accepted as those of the court.

Petitioner's request for mandamus and declaratory relief is **denied**, and this action is **dismissed with prejudice**.  A final judgment dismissing this case with prejudice will be issued by separate document.

**It is so ordered** this *18th* day of October, 2005.

Sam A. Lindsay
United States District Judge

---

[2]As of March 1, 2003, the agency formerly known as the Immigration and Naturalization Services ("INS") ceased to be a part of the Department of Justice.  The functions of the INS and several other agencies were assumed by the newly-created Department of the Homeland Security, now headed by Secretary Michael Chertoff.  At this time, the functions of the INS are carried out by the United States Citizenship and Immigration Services ("CIS") under the DHS umbrella.  As the decisions in this case were rendered prior to March 1, 2003, the court will refer to the INS throughout this order.